UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AVI KOREN, et al. | : |
| | : |
|     Plaintiffs, | : |
| | : |
| v. | :   Case No: 1:06CV01653 |
| | : |
| CHRISTINE ALICE YOUNG | : |
| 530 N Street, N.W. | : |
| Apt. S709 | : |
| Washington, D.C. | : |
| | : |
|     Defendant. | : |

**THE PARTIES' LCvR 16.3(b) REPORT TO THE COURT**

    COME NOW the parties, by undersigned counsel, pursuant to LCvR 16.3(b), and report as follows:

    Counsel for the parties conducted a Rule 26(f) meeting on November 9, 2006, and now reports to the Court.

I. **Discovery plan agreed to by the parties is:**

    The parties' agreed upon discovery plan is discussed in Part II, (8) below.

II. **The parties provide the following succinct statement of all agreements reached with respect to the fourteen matters set forth in LcvR 16.3(c), the description of the positions of each party on matters as to which they disagree:**

    (1) The case is not likely to be disposed of by dispositive motion. However, the Plaintiffs may eventually move for summary judgment with regard to the issue of Defendant Christine Alice Young's negligence. No dispositive motion has been filed. Parties recommend that discovery commence and proceed.

    (2) The proposed "Scheduling Order" attached to this report suggests that the deadline for adding parties be February 8, 2007. The parties wish to advise the Court that there is a



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Capital Office Park
6301 Ivy Lane, Suite 800
Greenbelt, Maryland 20770
Telephone: (301) 486-1200
Facsimile: (301) 486-0935
_____

5924 North 15th Street
Arlington, Virginia 22205

possibility that the Washington Hospital Center and/or one or more Washington Hospital Center physicians may be joined as Defendants and/or third-party Defendants in this case if it is determined that they were guilty of medical malpractice which caused or aggravated Plaintiff Avi Koren's injuries.  Defendant Young's counsel is investigating the possibility of such a medical malpractice claim.  Defendant Young's counsel will make every effort to complete that investigation by February 8, 2007, although the process may be impeded by the fact that many of the Plaintiff's medical records are for treatment in Israel, and are, therefore, in Hebrew and will need to be translated into English.

(3)   At this time, the parties prefer that the case not be assigned to a magistrate judge.

(4)   Yes, there is a realistic possibility of settling the case.  Of course, the parties must first conduct discovery in order for the Plaintiffs (especially Plaintiff Avi Koren) to develop his claims, and for Defendant Young to evaluate those claims.  A possible claim and/or third-party claim against Washington Hospital Center and/or one or more Washington Hospital Center physicians as discussed in (2) above, and such a claim would certainly complicate the settlement situation.

(5)   The parties believe that the Court could benefit from the ADR procedure after discovery on damages has been completed.  Counsel have discussed ADR and are receptive to it.  Counsel suggests that the Court allow discovery on damages to conclude, and that the Court then schedule this matter for whatever form of non-binding alternative dispute resolution the Court feels is most appropriate.

(6)   The case cannot be resolved in its entirety by summary judgment.  The damages issue are almost certain to be jury issues.  However, it is possible that the Plaintiff will move for summary judgment with regard to liability upon completion of discovery.  The proposed "Scheduling Order" which is attached does not suggest a date by which dispositive motions shall be decided, but suggests that the deadline for filing dispositive motions should be August 8, 2007.

(7)   Yes, the parties stipulate to dispense with the initial disclosure requirements of FRCP 26(a)(1).

(8)   The proposed "Scheduling Order" attached hereto suggests that the deadline for completion of discovery be July



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Capital Office Park
6301 Ivy Lane, Suite 800
Greenbelt, Maryland 20770
Telephone: (301) 486-1200
Facsimile: (301) 486-0935
_____

5924 North 15th Street
Arlington, Virginia 22205

-2-

9, 2007.  Undersigned counsel believes that they can complete discovery prior to that date.  However, if the medical malpractice claims discussed in (2) and (4), above, are actually asserted in the above-captioned case, then discovery will probably need to extend well beyond July 9, 2007.  At this time, none of the parties request any sort of protective order with regard to any issues.

    (9)  The parties stipulate to the portions of FRCP 26(a)(2)(B) pertaining to "a list of all publications offered by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years."  Moreover, the parties shall otherwise identify experts as required by FRCP 26(a)(2)(A) and (B) and (C), on whatever schedule is established by the Court.

    (10) Not applicable.

    (11) The parties feel that trial and discovery should <u>not</u> be bifurcated on managed-in phases.

    (12) The proposed "Scheduling Order" attached hereto suggests that the pretrial conference occur sometime after the proposed August 8, 2007 deadline for the filing of dispositive motions.  The parties feel that the pretrial conference should occur after discovery of this matter is complete, and after any dispositive motions have been filed.

    (13) The parties prefer that the Court set a firm trial date at the first scheduling conference.  However, if that conference occurs before the parties are in a position to make a final determination as to whether any of them wish to assert medical malpractice claims as discussed in (2) and (4), above, than a firm trial date probably should not be set at the first scheduling conference.

    (14) None.

III. **Attached hereto is the parties' proposed scheduling order.**



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Capital Office Park
6301 Ivy Lane, Suite 800
Greenbelt, Maryland 20770
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

———

5924 North 15th Street
Arlington, Virginia 22205

Respectfully Submitted,

_____/s/_____
Timothy E. Howie, Esq.
D.C. Bar No. 425029
HARTEL, KANE, DeSANTIS,
 MacDONALD & HOWIE, LLP
Capital Office Park
6301 Ivy Lane, Suite 800
Greenbelt, Maryland 20770
Telephone: (301) 486-1200
Facsimile: (301) 486-0935
Counsel for Defendant


_____/s/_____
Thomas Fortune Fay, Esq.
601 Pennsylvania Avenue, NW
#900 South
Washington, DC 20004
Telephone: (202) 638-4534
Facsimile: (202) 589-1721
Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this  29th   day of December, 2006 I served a copy of the foregoing by first class U.S. mail to:

Thomas Fortune Fay, Esq.
601 Pennsylvania Avenue, NW
#900 South
Washington, DC 20004


_____/s/_____
Timothy E. Howie, Esq.

E:\TEH\Koren v. Young\L.Cv.Report.11.1.06.wpd
Our File No. 0548/0134



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Capital Office Park
6301 Ivy Lane, Suite 800
Greenbelt, Maryland 20770
Telephone: (301) 486-1200
Facsimile: (301) 486-0935
_____

5924 North 15th Street
Arlington, Virginia 22205