UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AVI KOREN, et al. | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Case No: 1:06CV01653 (CKK/JMF) |
| | : | |
| CHRISTINE ALICE YOUNG | : | Next event: Settlement conference on June 12, 2007 at |
| Defendant. | : | 10:00 a.m. |

**DEFENDANT YOUNG'S RULE 26(a)(2)(B) DISCLOSURE**

Defendant Christine Alice Young, by and through counsel, hereby files her Rule 26(a)(2)(B) disclosure in accordance with the court's scheduling order and identifies the following expert:

1. Mitchell Milton Frost, M.D.
   11119 Rockville Pike, #105
   Rockville, Maryland 20852

Dr. Frost is a board certified general surgeon in private practice with Drs. Kravitz & Frost, P.A., in Rockville, Maryland. Dr. Frost's qualifications are set forth in his curriculum vitae, a copy of which will be provided.

Dr. Frost is identified as an expert to testify at deposition and in trial regarding causation and damages with regard to Plaintiff Avi Koren. Dr. Frost's opinions are contained in a report dated May 17, 2007, attached hereto as Exhibit A and incorporated herein by reference. Dr. Frost was paid $250.00 for performing the aforementioned physical examination and for reviewing Mr. Koren's medical records. Dr.



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Capital Office Park
6301 Ivy Lane, Suite 800
Greenbelt, Maryland 20770
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

Frost's opinions regarding Mr. Koren are based on his physical examination of Mr. Koren, his review of Mr. Koren's medical records, relevant deposition testimony and documents available through discovery, as well as his training, knowledge, background and expertise.

Dr. Frost may address and/or rebut any testimony provided by Mr. Koren's experts regarding causation and/or damages.

A list of Dr. Frost's publications within the last ten years, as well as a list of all cases in which Dr. Frost has testified at trial or in deposition within the last four years will be provided.

Defendant cannot at this time identify any other expert witnesses regarding Mr. Koren's health problems, first asserted at his discovery deposition on May 16, 2007, related to diabetes and/or erectile dysfunction. Defense counsel first learned of these problems on May 16, 2007, which was the date that Mr. Koren was present in the United States for his discovery deposition and his independent medical examination with Dr. Frost. Therefore, it was impossible for defense counsel to arrange an independent medical examination regarding these problems prior to Mr. Koren's return to Israel. To date, although Mr. Koren mentioned these problems at his May 16, 2007 deposition, these problems have not been claimed as elements of injury or damage in this case. If and when these problems are



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Capital Office Park
6301 Ivy Lane, Suite 800
Greenbelt, Maryland 20770
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

claimed as elements of injury or damage in this case, it will be necessary for Mr. Koren to return to the United States for one or more independent medical examinations regarding these problems.

Defendant cannot at this time identify any other expert witnesses regarding any alleged psychological or psychiatric injuries to Liat Badani or Linoy Badani. Defense counsel has not been provided with medical records pertaining to any psychological or psychiatric injuries to Liat Badani or Linoy Badani, or even any significant pediatric records regarding Liat Badani or Linoy Badani. If Liat Badani or Linoy Badani intend to claim alleged psychological or psychiatric injuries in this case, it will be necessary for Liat Badani and Linoy Badani to return to the United States for psychiatric independent medical examinations.



HARTEL, KANE, DeSANTIS,
MacDONALD & HOWIE, LLP
Capital Office Park
6301 Ivy Lane, Suite 800
Greenbelt, Maryland 20770
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

Respectfully Submitted,

Timothy E. Howie, Esq.
D.C. Bar/Federal No. 425029
HARTEL, KANE, DeSANTIS,
 MacDONALD & HOWIE, LLP
Capital Office Park
6301 Ivy Lane, Suite 800
Greenbelt, Maryland 20770
Telephone: (301) 486-1200
Facsimile: (301) 486-0935
Counsel for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this $\underline{8}$ day of $\underline{June}$, 2007, I served a copy of the foregoing by first class U.S. mail to:

Thomas Fortune Fay, Esq.
601 Pennsylvania Avenue, NW
#900 South
Washington, DC 20004

_____
Timothy E. Howie, Esq.



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Capital Office Park
6301 Ivy Lane, Suite 800
Greenbelt, Maryland 20770
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

E:\TEH\Koren v. Young\26(a)(2)(B) disclosure (expert).wpd

ALAN B. KRAVITZ, M.D.
MITCHELL M. FROST, M.D.
*General Surgery*

11119 Rockville Pike, #105
Rockville, MD 20852

19504 Doctors Drive
Germantown, MD 20874

Office: (301) 493-9400
Fax: (301) 493-9412

Re:         AVI KOREN
DATE:       05/17/2007
NATIONAL ID: 1-016762767
DOB:        09/14/1963

INDEPENDENT MEDICAL EVALUATION

Mr. Koren is a 43-year-old male who was in the Washington Hospital Center from 7/4/2005 through 7/26/2005. This was after being pinned between a car and a table while he was dining at a fast food restaurant. On the day of admission, he was found to have a transverse colon injury. That portion of the bowel was removed and reconnected. Then on 7/10/2005, he went back the operating room with a leak at the area of reconnection of the bowel. A right hemicolectomy was performed along with an end ileostomy. He was able to leave Washington Hospital Center on 7/26/2005. He then went back to Israel where he was originally from. While in Israel, he had 3 procedures to drain intra-abdominal abscesses and then in February 2006, he had his ileostomy reversed. He currently is not working and says that he is unable to do any type of work. He did see a psychiatrist in November of 2005 and had 2 visits. He says that he was unable to have further visits due to further hospitalizations and treatments. However, he says that last month he saw a psychiatrist again and is to restart visits. Mr. Koren gives his limitations as being unable to perform any physical work or physical effort. This involves lifting or walking for long periods of time. He also says that he infrequently is able to achieve erection, but at the times he does achieve erection, he is able to achieve ejaculation. He also states that he has diarrhea with bowel movements approximately 6 to 7 times per day. He has not had any treatment for this and relates that to physicians have told him that nothing can be done.

His past medical history at the time of the accident was unremarkable. Since that time for the past year, he has had hypertension, insulin-dependent diabetes, and rapid heart rate. At the time of the injury, he was taking no medications, but for the past year has been taking insulin, Neobloc, and Tritace. Also since the injury, he has discovered an allergy to iodine. He does not smoke and rarely drinks alcohol. He was employed as a machine technician prior to the accident. The 8 years prior to the accident he was a manager where his duties included walking around and inspecting the premises, repairing machines, and changing large molds in the machine as necessary. His review of systems is otherwise noncontributory.

On physical exam, he is a well-developed, well-nourished male in no acute distress. His pupils are equal, round, and react to light and his sclerae are anicteric. His neck is supple. The veins are flat. His lungs are clear to auscultation bilaterally. His heart is regular rate and rhythm. His abdomen is soft, non-distended, and non-tender. There is a well-healed midline scar and a well-healed transverse right lower quadrant scar from the ileostomy. There are no hernias at

MMF:JC:ED:231051


DEFENDANT'S EXHIBIT A

the incision sites. There is no organomegaly. His extremities are without edema. On neurologic exam, he is alert and oriented. He is able to move all extremities with 4+ strength bilaterally.

Mr. Koren is a 43-year-old male who was injured after being struck by a motor vehicle on July 4, 2005. It does appear that from a general surgical/trauma standpoint, he has recovered from all of his injuries. From my point of view, I see no reason why he should not be able to become gainfully employed in some capacity. At this point, there would be no lifting restrictions given his surgical wounds. With regard to his medical problems of hypertension, rapid heart rate, and diabetes, while it is unlikely from my perspective to be related to the accident since they came 1 year later, I would be unable to give a definite opinion on that and any medical opinion such as from an internal medicine physician would be able to provide that expertise. With regard to his erectile dysfunction, once again from my perspective, it is not related to the accident; however, ultimately a urologist would be the best to opine on that. Once again, from a pure general surgical/trauma perspective, he has fully healed and would have no partial permanent disability rating based on his surgeries and injuries intra-abdominally. If further evaluation and analysis is required on this for more specifics, I would recommend evaluation by a physiatrist.

Mitchell M. Frost, M.D.