UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AVI KOREN, et al.                    :
                                     :
    Plaintiffs,                      :
                                     :
                                     :
v.                                   :    Case No: 1:06CV01653
                                     :      (CKK/JMF)
CHRISTINE ALICE YOUNG                :
                                     :
Defendant.                           :

### ORDER

THIS MATTER came to be heard upon the "Joint Motion for Approval of Minor Settlements" filed by the parties to this action; it is hereby

ORDERED that the motion is GRANTED, and it is further

ORDERED that, pursuant to District of Columbia Code § 21-120, the settlement of the claims of the minors, Linoy Badini and Liat Badini be and hereby are approved, and it is further

ORDERED that, pursuant to District of Columbia Code § 21-120, the two "Settlement Agreement and Release" documents which are attached hereto and by which Korin Badini, as mother and next friend of Linoy Badini and Liat Badini, has given full acquittance and release of all liability, are approved.

ENTERED this _18th_ day of ___January___, 20 08.

_____
Judge, United States District
Court for the District of
Columbia

Copies to:



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone (301) 486-1200
Facsimile (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

16

Timothy E. Howie, Esq.
HARTEL, KANE, DeSANTIS,
 MacDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Counsel for Defendant

Thomas Fortune Fay, Esq.
601 Pennsylvania Avenue, NW
#900 South
Washington, DC 20004
Counsel for Plaintiff

K:\TEH\Koren v. Young\Order Joint Motion for Approval of Minor Settlements 10.24.07.wpd



HARTEL, KANE, DeSANTIS,
MacDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935
––––––––––
5924 North 15th Street
Arlington, Virginia 22205

-2-

## SETTLEMENT AGREEMENT AND RELEASE
### (Minor - Claim or Suit)
### (Warranty of Fiduciary Capacity Attached)

**SETTLEMENT AGREEMENT AND RELEASE** (Release) entered into by Korin Badini and Yonatan Badani as Parents and natural Guardians of Liat Badani, a minor, in the capacity as the legal representative of Liat Badani, a minor (Claimant(s)), and Amica Mutual Insurance Company (Insurer), acting for and on behalf of Christine Alice Young (Insured) (collectively, "the parties").

### RECITALS:

1. <u>Claim</u>. Claimant has made a claim against Christine Alice Young, who is/are insured under Amica Mutual Insurance Company Policy No.: 95103420PJ, for damages sustained as the result of an accident which occurred on July 3, 2005(the "Claim").

2. <u>Suit</u>. As a result of the Claim, Claimant has filed a suit against the Insured. The suit is in the United States District Court for the District of Columbia entitled Case No.: 1:06CV01653 (the "Suit").

3. <u>Settlement</u>. The parties desire to enter into this Release to provide for certain payments in full settlement and discharge of the Claim and all claims which are or might have been the subject of the Claim, and dismissal of the Suit, on the terms and conditions set forth herein.

### THE PARTIES AGREE AS FOLLOWS:

1. <u>Release and Discharge</u>. In consideration of the payments provided for herein in compensation for damages sustained by Claimant resulting from the Claim, Claimant releases and forever discharges Amica Mutual Insurance Company and Christine Alice Young, and their employees, agents, successors and assigns, from any and all past, present or future claims, demands, actions, injuries, causes of action, suits, damages (compensatory or punitive), costs and expenses of any nature whatsoever, whether known or unknown, whether based in tort, fraud, misrepresentation, wrongful death, contract or other theory of recovery, including and without limitation, any and all known and unknown claims for bodily and personal injuries to Claimant and the consequences thereof, which have resulted or may result from the Claim and/or the investigation, handling or settlement thereof, or the alleged acts or omissions of Insured. Furthermore, Claimant agrees to indemnify and hold Insurer and Insured harmless from

1

and against all claims, demands, actions, causes of action, damages (compensatory or punitive), costs, expenses and liens of any subrogee of Claimant or other party seeking recovery by or through Claimant, including claims for reimbursement of health care expenses, workers compensation or disability income payments, lost wages, or attorney fees.

2.  Payments.  In consideration of this Release, Amica Mutual Insurance Company hereby agrees to pay the following:

A.  Initial Payment - Amica Mutual Insurance Company agrees to pay Claimant the initial sum of $15,000.00 (fifteen thousand and 00/100 dollars) within 10 days of the effective date of this Release. Claimant agrees to pay from said sum all fees payable to Claimant's attorney and any other costs and expenses incurred by Claimant in connection with the Claim and this settlement.

B.  Periodic Payments - Amica Mutual Insurance Company agrees to pay the following designated sums as directed in Paragraph 2.E.:

$20,964.00 payable in a lump sum on February 6, 2016

C.  Nature of Payments - It is the intention of the parties that all sums set forth in Paragraphs 2.A. and 2.B. constitute and qualify as damages (other than punitive damages) received on account of personal physical injuries or physical sickness arising from the occurrence described under RECITALS, Paragraph 1., and are within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

D.  Annuity - The parties agree that Amica Mutual Insurance Company shall satisfy its obligations to make periodic payments through the purchase of an annuity policy from Amica Life Insurance Company naming Payee the initial annuitant, with the primary and contingent beneficiaries designated in 2.F. hereof so designated in the annuity. Such annuity is designated as a "qualified funding asset" as defined in Section 130(d) of the Internal Revenue Code of 1986, as

2

amended. Amica Mutual Insurance Company shall be the sole owner of the annuity policy, and shall exercise all the rights of ownership. **In the event Amica Life Insurance Company fails to make any payments provided for herein, Amica Mutual Insurance Company shall remain the primary obligor for the periodic payments and will make all payments provided for herein.**

E.    Direction of Payment - All periodic payments pursuant to Paragraph 2.B. shall be made payable as follows:

|  |  |
|--|--|
| Payee: | Liat Badani |
| Address: | 115 Belvia Drive, Concord, Ontario, L4K 5K3 - Canada |
| Social Security Number: | 527-368-070 |
| Date of Birth: | February 6, 1998 |

All periodic payments will be sent to the address set out herein, and Payee shall be responsible for maintaining current a proper mailing address with Amica Mutual Insurance Company and Amica Life Insurance Company. Any notice of change of address must be in writing signed by Payee. Payee may request that periodic payments be sent by electronic funds transfer to an FDIC-insured depository institution in the United States for credit to an insured account in the name of such Payee. The obligation to make each such payment pursuant to Paragraph 2.B. is discharged at such time payment is made to the Payee.

F.    Beneficiary - Any payments due after the death of the Payee shall be made to the primary beneficiary, Yonatan Badani of 115 Belvia Drive, Concord, Ontario, L4K 5K3 - Canada. The contingent beneficiary is Korin Badani of 115 Belvia Drive, Concord, Ontario, L4K 5K3 - Canada. If more than one beneficiary is named in any one beneficiary class, the benefits shall be shared equally by the

3

surviving beneficiaries of the class. Claimant may request in writing signed by the Claimant that Amica Mutual Insurance Company change or revoke the beneficiary designations.

3. <u>Rights to Payment</u>. Amica Mutual Insurance Company shall not segregate nor set aside any of its assets to fund the periodic payments, and it is agreed that Payee is and shall be a general creditor of Amica Mutual Insurance Company. **Said payments cannot be accelerated, deferred, increased or decreased by Payee, nor shall Payee have the power to sell, assign, mortgage, encumber or anticipate same, or any part thereof, by assignment or otherwise, (any such transaction being hereinafter referred to as a "Transfer") and any such attempted Transfer shall be void, unless such Transfer has been approved in advance in a "qualified order" as defined in Section 5891(b)(2) of the Internal Revenue Code of 1986, as amended, and otherwise complies with applicable state law, including without limitation any and all state structured settlement protection acts.**

4. <u>Attorney's Fees</u>. Each party shall bear its own costs, expenses and attorney's fees incurred in connection with the Claim, the Suit, the Release, and all matters and documents referred to herein, including the filing of a dismissal of the Suit. In the event legal action is sought by any party to enforce the terms and conditions of this Release, the prevailing party shall be entitled to recover its reasonable attorney's fees and costs from the other party.

5. <u>Comprehension of Document</u>. In entering into this Release, Korin Badini and Yonatan Badani as Parents and natural Guardians of Liat Badani, a minor represents that Korin Badini and Yonatan Badani as Parents and natural Guardians of Liat Badani, a minor is more than eighteen (18) years of age and has had the opportunity to obtain and rely upon legal advice of an attorney of Korin Badini and Yonatan Badani as Parents and natural Guardians of Liat Badani, a minor's choice, and that the terms of this Release are fully understood and voluntarily accepted by Korin Badini and Yonatan Badani as Parents and natural Guardians of Liat Badani, a minor in said capacity as the legal representative of Liat Badani. Further, Claimant acknowledges he/she has not received and is not in any way relying upon any advice or representations of Amica Mutual Insurance Company, Amica Life Insurance Company, the Insured, or their attorneys with respect to the legal or tax consequences of this Release or any other matter.

4

6.    <u>Capacity</u>. Claimant represents and warrants that no other person or entity has any interest in this Release except as otherwise set forth herein, and that Korin Badini and Yonatan Badani as Parents and natural Guardians of Liat Badani, a minor has the sole right and exclusive authority as legal representative of Liat Badani to execute this Release; and that Claimant has not sold, assigned, transferred, conveyed or otherwise disposed of any rights or obligations referred to in this Release.

7.    <u>Miscellaneous</u>. The parties further agree as follows:

A.    <u>Entire Agreement and Successors of Interest</u> - This Release contains the entire agreement between the parties with respect to the matters set forth herein, and shall be binding upon and inure to the benefit of the agents, successors and assigns of each party.

B.    <u>Additional Documents</u> - All parties agree to cooperate fully and execute any and all supplementary documents, including the "Warranty of Fiduciary Capacity" attached to this Release, and to take all additional actions which may be necessary or appropriate to give full force and effect to the terms and intent of this Release. Claimant shall execute and file all appropriate documents required to dismiss the Suit with prejudice.

C.    <u>Construction</u> - This Settlement Agreement is entered into in The District of Columbia, and shall be construed and interpreted in accordance with its laws.

D.'    <u>Effective Date</u> - This Release shall become effective upon the date of execution by all of the parties.

8.    This settlement is the compromise of a doubtful and disputed claim, and that the payment is not to be construed as an admission of liability on the part of the persons, firms and corporations hereby released by whom liability is expressly denied.

5

Executed at _the City of Vaughan_ this _7_ day of _December_, 200~~7~~.

CLAIMANT: _____          Witness: _____

CLAIMANT: _____          Witness: _____

Amica Mutual Insurance Company               Witness:

By: _____                _____

Title: _____             **ITAMAR COHEN**, a Commissioner, etc.,
                                             Regional Municipality of York,
                                             for Israel Law Office,
                                             and while licensed to practise
                                             as a Foreign Legal Consultant
                                             Expires February 23, 2009

6

## WARRANTY OF FIDUCIARY CAPACITY
(Attachment to Minor's Release)

**THIS WARRANTY OF FIDUCIARY CAPACITY** (Warranty) is an addendum to and is executed jointly with the Release. The Warranty and Release are contingent upon the Court's approval as requested in the litigation entitled Badani v Young.

      1. <u>INCAPACITY</u>. The parties to this Warranty and Release acknowledge that Liat Badani is a minor and/or legally incompetent person. The parties acknowledge that Liat Badani is incapable of independently agreeing to and executing the terms and conditions of the Release.

      2. <u>WARRANTY OF FIDUCIARY CAPACITY</u>. Korin Badini and Yonatan Badani as Parents and natural Guardians of Liat Badani, a minor warrant that they have the full legal and equitable power to act for and commit Liat Badani to the terms, conditions and agreements set forth in the Warranty and Release. Korin Badini and Yonatan Badani as Parents and natural Guardians of Liat Badani, a minor warrant that they are acting in the capacity of a natural guardians, or legal guardians under a valid Order of a Court having appropriate jurisdiction. Further, Korin Badini and Yonatan Badani as Parents and natural Guardians of Liat Badani, a minor warrant that where any Order of a Court is required to perfect the power they have to execute the Warranty and Release, such Order has been obtained or will be obtained. Korin Badini and Yonatan Badani as Parents and natural Guardians of Liat Badani, a minor further agree that they will provide Amica Mutual Insurance Company with documents which confirm the authority of Korin Badini and Yonatan Badani as Parents and natural Guardians of Liat Badani, a minor with respect to their capacity to execute this Warranty and Release on behalf of Liat Badani.

      3. <u>COMPREHENSION</u>. Korin Badini and Yonatan Badani as Parents and natural Guardians of Liat Badani, a minor acknowledge that they have had the opportunity to obtain legal counsel and advice with respect to the terms and conditions of the Warranty and Release. Korin Badini and Yonatan Badani as Parents and natural Guardians of Liat Badani, a minor warrant that they execute such documents in their representative and fiduciary

capacities, and that upon their review of said documents they are in the best interests of Liat Badani. Korin Badini and Yonatan Badani as Parents and natural Guardians of Liat Badani, a minor further warrant that they are not disabled by any conflicting or contrary interests with respect to the Warranty and Release which could improperly interfere with their fiduciary judgment on behalf of Liat Badani.

     4. <u>HOLD HARMLESS</u>. Korin Badini and Yonatan Badani as Parents and natural Guardians of Liat Badani, a minor agree to hold harmless and protect Amica Mutual Insurance Company and Amica Life Insurance Company from any claims or actions brought on behalf of or by Liat Badani as a result of Korin Badini and Yonatan Badani as Parents and natural Guardians of Liat Badani, a minor's lack of capacity, or any act, omission or failure on the part of the Korin Badini and Yonatan Badani as Parents and natural Guardians of Liat Badani, a minor to properly discharge their fiduciary and representative obligations to Liat Badani.

By
    Korin Badini and Yonatan Badani as
Parents and natural Guardians of Liat Badani, a minor

_____
Korin Badani

As _____ to the Estate
or Interests of Liat Badani

_____
Yonatan Badani

Sworn and subscribed to me on this _____7_____ day of December 2007.

_____
Notary Public a Commissioner, etc.,

ITAMAR COHEN, a Commissioner, etc.,
Regional Municipality of York,
for Israel    Office,
and whil.   sed to practise
as a Foreign Legal Consultant
Expires February 23, 2009

_____
Attorney for Minor/Incompetent

8