UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**AVI KOREN,** *et al*
  Plaintiffs,

   v.

**CHRISTINE ALICE YOUNG**
  Defendant

Civil Action No. **06cv1653**

PRETRIAL SCHEDULING AND PROCEDURES ORDER

(JUDGE KOLLAR-KOTELLY)

    In order to administer the above-captioned civil case in a manner fair to the litigants and consistent with the parties' interest in completing this litigation in the shortest possible time and at the least possible cost, and as announced at today's final status hearing in the presence of counsel,

    it is this  22nd  day of July, 2008,

    **ORDERED** that counsel for the plaintiff and the defendants are directed to comply with each of the following directives:[1]

1.    **COMMUNICATIONS WITH THE COURT:**
   Counsel should endeavor to keep communications with the court to a minimum. Counsel are advised that chambers staff **cannot** provide legal advice of any kind. *Ex parte* communications on other than scheduling matters are prohibited. If counsel need to

---

[1] The court will hold counsel responsible for following the directives set forth in this order. Failure to conform to this order's directives may result in the imposition of sanctions pursuant to Fed. R. Civ. P. 16.

contact chambers, it should be done jointly pursuant to a telephone conference call arranged by the parties.

2. **MOTIONS FOR EXTENSIONS OF TIME**:[2]

Motions for extensions of time are strongly discouraged. Parties should not expect the court to grant extensions. Motions for extensions of time shall be filed at least **four (4)** business days prior to the deadline the motion is seeking to extend. All motions for extensions **must** include the following (otherwise they will not be considered by the court):

- (a) how many, if any, previous extensions of time the court has granted to each party;
- (b) the specific grounds for the motion;
- (c) a statement of the effect that the court's granting of the motion will have on all other previously set deadlines;
- (d) in cases where the motion seeks to extend the deadline for a dispositive motion, a suggested deadline for the filing of the opposition and reply;[3] and, lastly,
- (e) pursuant to Local Rule 7.1(b), the moving party shall include a statement of opposing counsel's position vis-a-vis the motion.

3. **JOINT PRETRIAL STATEMENT:**

The parties shall prepare a **Joint Pretrial Statement** rather than separate pretrial statements. **The Joint Pretrial Statement shall be prepared as follows:**

- (a) Counsel for plaintiff(s) shall arrange a face-to-face conference of counsel. The objective of the conference shall be the preparation of the joint pretrial

---

[2] The Court will not entertain stipulations concerning extensions of time. Parties must file a motion when seeking an extension.

[3] The deadline for the Opposition should be suggested after consulting with opposing counsel.

statement. In addition, at this conference, counsel shall discuss prospects for settlement;

(b) **Counsel for plaintiffs shall file with the court and serve the joint pretrial statement by <u>December 19, 2008</u>.** *In addition, counsel shall call (202) 354-3340 for an e-mail address to provide chambers with a Word Perfect copy of the complete Joint Pretrial Statement.*
The submissions of all counsel shall be included in the statement;

(c) The joint pretrial statement shall include:

  (1) All information required by Local Rule 16.5(b);

  (2) A neutral statement of the case appropriate to be read to the jury;

  (3) Undisputed facts/stipulated facts (both already agreed and proposed);

  (4) Stipulations concerning authenticity of documents and admissibility of exhibits (both already agreed and proposed). If no objections are lodged the exhibit shall be deemed admitted;

  (5) A list of witnesses scheduled to be called by each party to testify at trial. Opinion witnesses shall be designated by an asterisk. Witnesses called for impeachment purposes only need not be listed, unless already known. No party may call at trial (except for impeachment purposes not already known) any witness not listed in the Pretrial Statement. If there is an objection to a witness or the anticipated testimony of a witness, for whatever reason, objections must be noted in the Pretrial Statement or they will be deemed waived at trial;

  (6) <u>Demonstrative Evidence, Physical Evidence, Videotapes:</u> Describe all such items to be offered at trial. Any objections must be made in the Joint Pretrial Statement.

  (7) A list of motions to be decided before or at the commencement of the trial;

(8) A trial brief addressing any unusual issues of fact or evidence not already submitted to the court;

(9) Proposed amendments to the pleadings; and

(10) An estimate of trial time.

**In addition, if demand for a jury has been made by either party, the Joint Pretrial Statement shall also include:**

(11) Any waiver of jury trial;

(12) Proposed and agreed upon jury voir dire questions; on proposed jury voir dire by one party, indicate whether objected to and basis for objection; and

(13) Proposed and agreed upon jury instructions. The parties shall file with the court with any proposed non-standard blue book jury instructions. If either party objects to any portion of the jointly submitted jury instructions, the objecting party should identify for the court in this document (1) the objectionable portion of the instructions, (2) the basis for the objection, and (3) a proposed alternate instruction. Each proposed jury instruction or objection is to include citations to supporting authority. Citations to standard or pattern instructions are only appropriate if the instructions are being offered verbatim. ***The parties shall call (202) 354-3340 for an e-mail address to provide chambers with a copy of the non-standard blue book jury instructions in Word Perfect format.***

(d) Objections to any portion of the joint pretrial statement shall be briefed and lodged as a submission. The objector shall both summarize and fully brief the grounds for objection and shall cite authority in support thereof. Responses shall be lodged in a like format.

Parties are directed to exchange objections by **November 26, 2008**, and exchange responses by **December 5, 2008**. Replies, if any, are due no later than **December 12, 2008.**

    (e)    The parties are to submit a proposed verdict form, including any proposed special interrogatories.  *The parties shall call (202) 354-3340 for an e-mail address to provide chambers with a copy of the proposed verdict form, including any proposed special interrogatories, in Word Perfect format.*

    (f)    **Non-Jury Cases:**  In non-jury cases, the parties will file their proposed findings of fact and conclusions of law in conjunction with the joint pretrial statement.

4. **MOTIONS IN LIMINE:**

Motions in limine shall be filed with the court and served on opposing counsel by no later than **November 14, 2008**; oppositions shall be due no later than **November 21, 2008**; and replies shall be due no later than **December 5, 2008**.  Counsel are to provide the court with hand-delivered courtesy copies of these submissions.

5. **SETTLEMENT:**

Counsel are expected to evaluate their respective cases for the purpose of settlement.  The court encourages the use of alternative dispute resolution, e.g., mediation or neutral case evaluation.  The use of these methods is available at any time, as is a settlement conference before a magistrate judge.  If counsel are interested in pursuing these options, they may contact chambers at any time.  If the case settles in whole or in part, plaintiff's counsel shall promptly advise the court.

6. **MOTIONS FOR RECONSIDERATION:**

"Motions for Reconsideration" of a prior court ruling are strongly discouraged.  Such motions shall be filed only when the requirements of Fed.R.Civ.P. 59 (c) and/or 60 (b) are met.  If one is filed, it shall not exceed **ten** pages in length.  Moreover, the court will not

entertain: (a) motions which simply reassert arguments previously raised and rejected by the court; and (b) arguments which should have been previously raised, but are being raised for the first time in the "Motion for Reconsideration." *See, e.g.*, *National Trust v. Department of State*, 834 F. Supp. 453, 455 (D.D.C. 1995).

7. **MISCELLANEOUS MATTERS:**

   The following should be included after the signatures of counsel:

   The foregoing Joint Pretrial Statement, as revised at the Pretrial Conference in the presence of counsel, shall stand as the Pretrial Order in this case.

   It is **FURTHER ORDERED** that:

   • A pretrial conference shall be held on **January 9, 2009 at 9:00 a.m.**
   • Jury selection is scheduled for          N/A          at          .
   • The trial will begin on                   N/A          at          .

   **SO ORDERED.**

Date: July 22, 2008                                            /s/
                                                     COLLEEN KOLLAR-KOTELLY
                                                     United States District Judge